GEORGE W. TINGES *vs.* RICHARD H. MOALE.

REAL ESTATE BROKERS,—SALES BY, AND ACTION BY, AGAINST VENDOR FOR COMMISSIONS.—Where a real estate broker reports an offer for property to his principal without stating by whom the offer is made, and afterwards a sale of the same property is effected through another broker at the same price first reported, and to the same purchaser, and he receives a commission therefor, the first broker cannot recover in an action against the vendor for the commissions, unless it appears that the latter at the time of the sale was aware of the facts above stated, or that notice of the same was given him by the plaintiff before the completion of the contract with and payment of commissions to the second broker.

APPEAL from the Court of Common Pleas of Baltimore city :

This was an action by the appellant against the appellee to recover compensation for alleged services, as a broker, rendered the latter in effecting a sale of a house. The declaration contained two counts, one a general count for work done, the other a special count for the usual broker's commissions for procuring a purchaser for the defendant's house at a price which the defendant accepted. The case was submitted to the Court for determination, without the intervention of a jury. The facts of the case, and the arguments of counsel on a motion to dismiss the appeal, are sufficiently stated in the opinion of this Court. The Court below (KING, J.,) gave judgment for the defendant, and the plaintiff appealed.

The cause was argued before BARTOL, GOLDSBOROUGH, COCHRAN and WEISEL, J.

*Arthur George Brown* and *F. W. Brune*, for the appellant :

The appellant is entitled to recover upon the principle laid down in the case in 2 *Md. Rep.*, 71, viz : that his negotiation with the purchaser, and the approval of the property, and offer of a price, which he secured from him and reported

to the appellee, were the foundation, and indeed the procuring cause of the sale made by the latter, and that the non-disclosure of the purchaser's name, under the circumstances, and the employment, agency and payment of another broker in the same matter, did not deprive the appellant of his right to recover compensation for his services. *Keener vs. Harrod,* 2 *Md. Rep.,* 70 to 73. *Beale vs. Cresswell,* 3 *Md. Rep.,* 200–1. *Russell on Factors and Brokers,* 48 *Law Lib.,* 160. *Murray vs. Currie,* 32 *Eng. Com. Law Rep.,* 641. *Wilkinson vs. Martin,* 34 *Ib.,* 267. *Van Lien vs. Byrnes,* 1 *Hilton,* 133, *et seq. Goodsfield vs. Robinson, Ib.,* 425. *Chilton vs. Butler,* 1 *E. D. Smith,* 151. *Goldsmith vs. Obermeyer,* 3 *Ib.,* 122. *Morgan vs. Mason,* 4 *Ib.,* 637–8.

*Benjamin F. Horwitz,* for the appellee:

1st. The claim of brokers for commissions is fully examined in *Russell on Factors and Brokers,* 48 *Law Library, pages* 104 to 110, marginal pages 154 to 164. "The right of a factor or broker to his commission is regulated in one of three ways, either, first, by statute, or secondly, by special contract, or thirdly, by the usage of trade." *Russell on F. and B.,* 48 *Law Lib., marg. p.* 154. And in *Read vs. Rann,* 21 *Eng. Com. Law Rep.,* 106, Lord TENTERDEN says: "the broker's claim to commission depends on the custom." Sir JAMES PARKE, says: "the claim of the plaintiff (broker) rests on the custom and not on a *quantum meruit;*" and BAYLEY, J., says: "the plaintiff claims to be paid, not according to his actual labor."

In this State there is no statute on the subject; in this case, there is no pretence of a special contract. The claim of the plaintiff must, therefore, rest on custom or usage. The only proof on the subject of usage, is that of the plaintiff's witness and partner, Scharf, who says: "that he had been for years engaged in business as a real estate broker or land agent,

and that two and one-half per cent. is the usual commission for sales of real property." All the witnesses who speak on the subject of the sale in this case—Moale, Reinicker and Jackson—say, Jackson made the sale. The declaration of the plaintiff alleges that he was employed by the defendant "to sell" the property, and that he, in pursuance of such employment, procured a purchaser for said property at a price which the defendant accepted therefor," not alleging that he made the sale, nor even that he named the purchaser to the defendant, and not alleging when or how the defendant accepted the price, nor through whom, nor by whose agency, nor that he ever made an offer to the defendant for any one. It is submitted, there_ fore, as there is no proof on the subject of usage attempted to be introduced in this case, which would entitle Tinges to any compensation, either for the alleged service counted on in the declaration, or for the acts which he proved that he performed in this matter, that it cannot be contended that he has even a foundation for a claim to compensation from Moale. *Foley vs. Woodside,* 6 *Md. Rep.,* 37.

2nd. But suppose that Mr. Russell and Lord Tenterden and the other authorities are wrong, and that a broker can recover commissions on a *quantum meruit,* then it is submit_ ted, that the reasoning of his Honor, Judge KING, in his able and elaborate opinion, is conclusive, and is fully sustained by all the authorities as well as by all the usages which are shown by those authorities to have been proved at the tria¹ of the different cases to exist in England or in this country, including the usage in the city of Baltimore. *Russell on Factors and Brokers,* 48 *Law Library,* 104 to 110. *Broad vs. Thomas,* 20 *Eng. Com. Law,* 62. *Read vs. Rann,* 21 *Eng. Com. Law,* 106. *Murray vs. Currie,* 32 *Eng. Com. Law,* 641. *Wilkinson vs. Martin,* 34 *Eng. Com. Law,* 267. *Burnett vs. Burch,* 38 *Eng. Com. Law,* 256. *Ludlow vs. Carman,* 2 *Hilton,* (*N. Y.,*) 107. *Chilton vs. Butler,* 1 *E. D. Smith,* 150. *Keener vs. Harrod & Brooke,* 2 *Md. Rep.,*

63.   *Beale vs. Cresswell,* 3 *Md. Rep.,* 196.   *Canby vs. Frick,*
8 *Md. Rep.,* 163.

WEISEL, J., delivered the opinion of this Court.

The appellant was plaintiff below.   He sued the appellee
at law for services, in the shape of commissions, as a real
estate broker.   A case was docketed by consent, and upon
appearance and issues of fact was, with the consent of the
parties, submitted to the determination of the Court, and
judgment was rendered for the defendant.

With a view to bring the cause to this Court on appeal,
the proof was embodied in a bill of exceptions, concluding
with a motion by the plaintiff's counsel to the Court "to de-
cide that the plaintiff was entitled to recover, inasmuch as it
appeared from the evidence that the plaintiff was employed
by the defendant to procure a purchaser for his dwelling
house, and in the course of this employment he called the
attention of Mr. Reinecker (the purchaser) to the house,
showed him the property and secured an offer from him,
which the defendant subsequently took, and that the nego-
tiation between the plaintiff and the said purchaser was the
foundation on which the sale made by the purchaser rested."
The Court refused so to decide, but proceeded, in the form
of an opinion, to state the facts as shown by the proof, and
to apply to them certain principles of law and adjudicated
cases; upon the consideration of which, judgment was pro-
nounced for the defendant.   To the refusal to decide agree-
ably to the plaintiff's motion, and to the judgment as given,
the exception was taken by the plaintiff.   The opinion of
the Court, incorporated in the bill of exceptions, thus be-
comes a part of the record before us, and it sets forth the
facts as either found by the Court or proved upon the trial,
with its view of the law as applicable thereto.

The appellee filed a motion to dismiss this appeal, which
was heard in connexion with the argument on the points

presented by the briefs. The motion to dismiss took the ground, that inasmuch as this cause was heard and decided below since the Constitution of 1864 went into operation, and that by the 6th sec. of Art. 4, of said Constitution, the parties to any cause might submit the same to the Court for determination without the aid of a jury, the jurisdiction of the Court, in such cases, was limited and restricted, and as no appeal was specially given, none therefore lay. It was also contended, in support of the motion, that the record does not disclose what question of law was raised or made in, and decided by, the Court below; and that, therefore, this Court has nothing before it for its review. See 1 *Code, Art. 5, sec.* 12.

The provision of the Constitution authorising the parties to a suit at law to submit facts to the trial and determination of the Court, without the aid of a jury, cannot be regarded as restricting the jurisdiction of the Court, or as conferring upon it a special jurisdiction. There is no superadded jurisdiction of a limited or restricted character to the general jurisdiction of the Court, but a mere authorised change, in certain cases optional with the parties, in the mode of trying facts, already a part of its general jurisdiction. But this change does not enlarge the subject matter of appeals. With the facts as found by the Court below, upon such a submission, this Court has no more to do upon appeal than if they had been found by the jury. It is only upon the law arising upon facts, as admitted by the pleadings, or agreed by the parties, or found, or to be found, by the jury, ( or by the Court when substituted for the jury,) and raised in the modes adopted in our practice, that this Court has to deal in appeals from judgments of Courts of Law; and when such questions appear by the record to have been raised and decided below, the right of appeal is undoubted, and is secured by the general language of the 3rd sec. of Article 5th of the Code of General Laws.

In this case, we cannot examine the facts in evidence in the bill of exceptions with a view to adjudge whether the finding by the Court was, or was not, correct. As to that branch of the case, no appeal lies, and we entertain none. If a question of law has been raised upon them below for decision, and that appears from the record, it is our duty to examine and pronounce upon it. We can look to the character of the facts in proof only so far as may be necessary or proper to understand and apply the law in question.

In this case, had a jury been impannelled, and an instruction prayed in the language of the motion that was addressed to the Court, it would have been rightly rejected as not covering the whole case.

The Court was asked, in the form of a motion, to adopt what was stated in it as the law of the case, and to decide it accordingly. But the whole matter being before the Court, first to ascertain from the proof the facts, and then to apply the law to the state of facts as found, it was the duty of the Court to disregard and reject the proposition of law as presented in the motion if deemed erroneous, and to decide the case in conformity with the views which it would otherwise entertain. The opinion of the Court succinctly states the principle which governed it in the decision, viz: "If a broker who first procures a purchaser, reports his offers to his principal without identifying the person from whom they come, he cannot recover commissions in case of a subsequent sale through another broker at the same price, to the same purchaser, unless it appears in evidence that the seller knew this fact, or that notice was given him by the plaintiff before the completion of the contract and payment of commissions to the second broker." We are of opinion that this was a correct exposition of the law in such a case, and that the judgment of the Court should be affirmed. If there be but one broker employed, he can with safety withhold the name of the purchaser until the sale shall have been made. But as

the employment of one broker does not preclude the employment of another to procure a purchaser for the same property, it becomes, therefore, the duty of the broker who procures one, and who looks to the security of his commissions, to report the name and offer to his principal, that the latter may be notified in time and thus put upon his guard before he pays the commissions to either.

Before leaving this case, it may be proper to observe that in cases like this, of submission to the Court without the aid of a jury, more care or precision should be adopted in raising the questions of law for the decision of the Court below, that upon appeal parties may not lose the benefit of appeal, or this Court be left to gather them from the opinion of the Court below, or the course of the trial there.

*Judgment affirmed.*

(Decided July 17th, 1866.)