DANIEL STEENKEN AND AUGUST BERK-MEIER, TRADING AS STEENKEN & BERK-MEIER *vs.* THE STATE OF MARYLAND.

*Statute Valid in Part and Void in Part—Title of Statute—Licenses to Stevedores.*

A statute may be valid in part and void in part even when the two parts are contained in the same section, provided the valid part is independent of, and severable from, that which is void.

The title of the Act of 1898, ch. 505, was "An Act to provide for licenses to stevedores." In the body of the Act it was provided that every master stevedore in Baltimore City

should take out a license, paying therefor a certain sum and that he should also file a bond. A penalty was provided for failure either to take out a license or to file a bond. Defendant was indicted for acting as a master stevedore without having been licensed and in another count for failure to give a bond. It was conceded that the Act was void so far as the provision relating to the bond is concerned, because in violation of the Constitution, Art. 3, sec. 29, which declares that the subject of every law shall be described in its title. *Held,* that the provisions of the Act relating to licenses are independent of those relating to the bond; that the former are valid although the latter are void, and that consequently a demurrer to the count in the indictment charging the defendant with acting as a master stevedore without having obtained a license was properly overruled.

Appeal from the Criminal Court of Baltimore City (STOCKBRIDGE, J.).

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, PAGE, ROBERTS, BOYD and PEARCE, JJ.

*Thomas C. Weeks,* for the appellant.

*Harry M. Clabaugh, Attorney-General,* submitted the cause on the brief.

FOWLER, J., delivered the opinion of the Court.

The traversers were indicted in the Criminal Court of Baltimore. They were charged with having violated the Act of 1898, ch. 505. By this Act it is provided that " before any person shall transact the business of a Master Stevedore in the City of Baltimore he shall obtain a license for which he shall pay the sum of twenty-five ($25) dollars—and that in addition to taking out a license he shall file with the Clerk of the Court of Common Pleas a bond to the State in the sum of $1,000," etc., etc. The penalty prescribed is as follows: " Any Stevedore who shall violate this section by failure to file

such bond or to obtain the license aforesaid . . . shall be deemed guilty of a misdemeanor and shall on conviction thereof be fined," etc.   The title of the Act is: " To add an additional section to the Code of Public Local Laws, etc.   To provide for licenses for Stevedores."   The first count of the indictment charges that the traversers unlawfully transacted the business of Master Stevedores without having first obtained the State's license.   By the second they are charged with unlawfully carrying on said business without first having filed a bond as required by the Act.   The third and last counts also charge a violation of the Act because of failure to give bond as thereby required.   To this indictment the traversers demurred on the ground of the invalidity of the Act of 1898, ch. 505.   The Court below sustained the demurrer to all the counts except the first, as to which the demurrer was overruled.   The traversers pleaded guilty, and the judgment was that they pay a fine, etc.   From this judgment they have appealed and the only question presented is whether there was any error in the ruling on the demurrer.

The contention of the traversers is that the Act in question (Act 1898, ch. 505) is unconstitutional and void, because it violates section 29 of Article 3 of the Constitution, which provides that " Every law enacted by the General Assembly shall embrace but one subject, and that shall be described in its title."   It is conceded by the State that all the provisions of the Act which relate to or require a bond to be given are void, but it contends that the parts of the Act which relate to obtaining license are valid because the latter constitutes the one subject embraced by and described in the title, forming a separate, independent and additional enactment and enforceable, therefore, entirely irrespective of the former.

It is familiar law that a statute may be valid in part and void in part, and that if possible the former will be upheld if disconnected with the latter.   *Berry* v. *Drum Point R. R. Co.*, 41 Md. 465.   And this is so even when the valid and void provisions are, as in the Act now

before us, contained in the same section. *Mayor &c.* v. *Dechert,* 32 Md. 384. The only question, therefore, is whether the provisions of this Act relating to license are separate from, independent of, and in addition to, those which relate to giving bond. It is only necessary to read the Act to determine this question in the affirmative. The title, as was conceded below, relates only to licenses. It will be observed that the two parts of the Act are in no wise connected. It provides that before the business of Stevedore shall be transacted, a license shall be obtained, and the sum of twenty-five ($25) dollars shall be paid therefor. This much is clearly a revenue law. The Act then provides that " in addition " to obtaining a license he shall give bond for the faithful performance of the business of a Stevedore and for the payment of all wages due by him to his employees. This additional provision is plainly enacted for the protection of those who employ the Stevedore as well as those whom he employs. But the intention of the Legislature as set forth in the title to provide for licenses is fully effected by the enforcement of the provision pertaining to them alone. However important the giving of a bond may be to the Stevedore's employers and his employees, the license having been obtained and paid for, the object of the Legislature, as declared in the title, is accomplished. Whether a good bond, a worthless bond or no bond is filed in no way affects the revenue of the State. The learned Judge below aptly remarks that " the giving of the bond is not made a prerequisite to obtaining or issuing the license, and the penalty . . . is made to apply to the failure to take out the license *or* the failure to give bond. The penalty thus looks to two separate and distinct offences."

It would be useless to burden this opinion by a citation of the many cases which have been decided by this Court involving the general question of the violation of section 29 Article 3 of the Constitution, and we therefore cite only a few of them which relate more particularly to the question now before us and sustain the view we have taken. *Berry* v. *Drum Point R. R., supra; Daly*

v. *Morgan,* 69 Md. 470; *Scharf* v. *Tasker,* 73 Md. 383; *Mayor* v. *Dechert, supra; Stiefel* v. *Blind Asylum,* 61 Md. 144; *State* v. *Shultz Co.,* 83 Md. 58; *State* v. *Benzinger,* 83 Md. 481.

Being, therefore, of opinion that there was no error in the rulings complained of, the judgment appealed from will be affirmed.

*Judgment affirmed.*

(Decided December 21st, 1898.)