THE MAYOR AND CITY COUNCIL OF BATIMORE,
ET AL. *vs.* CHARLES J. BONAPARTE.

*Taxation—Appeal From Baltimore City Court in Valuation of Property For Taxation—Court of Appeals Not Required to Review Findings of Fact as to Correctness of Valuation—Judicial Functions.*

Under section 170 of the Baltimore City Charter (Act of 1898, ch. 123), an appeal lies to the City Court from the action of the Appeal Tax Court in assessing property for taxation or in revaluing property, and the former Court sits without a jury to ascertain or decide on the proper assessment. The statute also provides that either the petitioner or the city may appeal from the judgment of the City Court to the Court of Appeals, "which Court shall immediately hear and determine the questions involved in said appeal." Appellee appealed to the City Court from a revaluation of certain property made by the Tax Court, and the Mayor and City Council, in this case, appealed from the judgment of the City Court reducing the assessment. The record contains no bill of exceptions to the ruling of the Court below on instructions concerning the law or as to the admissibility of evidence, and the only question presented is whether the property in question was accurately valued. *Held,*

1st. That it was not the design of the statute to require this Court to review the findings of fact made by the Court below as to the correctness of the assessment.

2nd. That the valuation of property for the purposes of taxation is not a judicial function, and the Legislature could not lawfully require this Court to act as a final board of review in the assessment of property.

Appeal from the Baltimore City Court (STOCKBRIDGE, J.)

The cause was argued before McSHERRY, C. J., FOWLER, PAGE, PEARCE, SCHMUCKER and JONES, JJ.

*Charles W. Field*, for the appellant.

*Charles J. Bonaparte*, appellee, *in propria persona*.

McSHERRY, C. J., delivered the opinion of the Court.

This is an appeal from the Baltimore City Court. A motion has been made to dismiss the appeal and that motion presents an entirely new question for decision. Under the local law of Baltimore City, the Appeal Tax Court is given authority to assess and value property for purposes of taxation and to increase valuations previously made. Acting under that authority the Appeal Tax Court revalued certain property situated in Baltimore City and owned by Mr. Charles J. Bonaparte. From that revaluation Mr. Bonaparte took an appeal to the Baltimore City Court as *sec. 170* of the City Charter provides that he might do. Upon the trial of the appeal the assessment was reduced and from that action of the City Court the Mayor and City Council have appealed to this Court. The provision of *sec. 170* under which the record was brought into this Court reads as follows : "An appeal may be taken to the Court of Appeals by either the petitioner or petitioners or the city within ten days after the rendition of said judgment or order by the Baltimore City Court, and the record shall be immediately transmitted to the Court of Appeals, which Court shall immediately hear and determine the questions involved in said appeal." Mr. Bonaparte has filed a motion to dismiss the appeal on the ground that *sec. 170* does not warrant or permit, and was not designed to allow, an appeal to this Court when there is nothing to be considered, but the correctness or the incorrectness of the amount of the valuation. This section of the City Charter has not heretofore been before us for interpretation, and we will now proceed to consider whether there is any question presented which we are charged with the duty to review.

No decision of the lower Court on a legal proposition is involved—that is to say, there is no bill of exceptions in the record containing any ruling of that Court on the admissibility of evidence or on prayers for instructions.   The single question presented is one of fact, viz.: Has this particular property been accurately valued for purposes of taxation ? Have we power, or did the statute intend to give us power or to require us to review such a finding of fact made by the Court below on appeal to it from the Appeal Tax Court ?

The City Court is a Court of Law and exercises no equity jurisdiction.   On an appeal to that Court from the Appeal Tax Court the City Court sits, under *sec. 170* of the City Charter, without the intervention of a jury to "ascertain or decide on the proper assessment" of property in respect to which the owner is chargeable with taxes.   From that ascertainment or decision an appeal is allowed to this Court, and this Court is required to "hear and determine," not the question as to whether the valuation made by the City Court was right, but "the *questions involved in said appeal*."   Now, what are the questions always involved, and which alone can be involved, in an appeal to this Court from a Court of law ?   Did the Legislature intend to enlarge the jurisdiction of this Court by conferring on it authority to hear and decide *in such cases as this*, questions of *fact ?*   As reflecting on what the Legislature intended to do we will ascertain whether it *could* require the Appellate Court to act as a final Board of Review and revaluation in the assessment of property for purposes of taxation.

We know of no instance in which an appeal from a Court of law to this Court will bring up for review a naked question of fact when the Court from which the appeal was taken had acted in the exercise of its ordinary jurisdiction as a Court of law.   It is true when motions to strike out judgments have been overruled, or when judgments have been set aside after the expiration of a term, the facts upon which the lower Court acted are reviewable here if properly brought before us.   But in these cases the trial Court acts, and its decisions which are open for review on appeal are rendered, in the exercise of an

*equitable* as contradistinguished from its *ordinary* jurisdiction as a Court of law.   So, too, in the special instances where an appeal is provided by statute in registration cases—cases where the right of a citizen to vote is at issue—this Court examines the facts because the right to vote depends on residence, and what constitutes residence is always, when a question at all, a question of mixed fact and law.   There is no analogy between these proceedings and the one at bar.

If the valuation of which the city complains in this case had been made in the City Court by a jury instead of by the Judge sitting without a jury, it cannot be pretended that this Court could consider the evidence on which the verdict was founded, with a view to overrule or vary the result reached by the jury. If this be so—and it cannot be questioned—upon what principle can it be said, because the finding was by a Judge and not by a jury, that we may examine the evidence adduced below and affirm or reverse or modify the conclusion of fact reached by the Judge ?   The agency employed in the Court below to ascertain the taxable valuation of this property can in no known way be a measure of this Court's authority to pass upon an issue of fact when the record is brought into this Court on appeal.   The mere fact that the valuation was made by a Judge instead of by a jury cannot give jurisdiction to review here the finding below if independently of that mere fact no such jurisdiction exists.   About this there ought to be no doubt. When a case has been tried by a Court without the intervention of a jury, it has always been held that the facts could not be reviewed in this Court to any greater or other extent than if they had been found by a jury.   Thus in *Tinges* v. *Moale*, 25 Md. 480, there was an effort to have this Court review a finding of fact made by the Court of Common Pleas in a cause heard by it without the aid of a jury, but the attempt was unsuccessful.   Our predecessors said : "With the facts as found by the Court below, upon such a submission, this Court has no more to do upon appeal than if they had been found by a jury.   It is only upon the law arising upon facts, as admitted by the pleadings, or agreed by the parties, or found, or to be

found, by the jury (or by the Court when substituted for the jury) and raised in the modes adopted in our practice, that this Court has to deal in appeals from judgments of Courts of law. * * * * * In this case we cannot examine the facts in evidence in the bill of exceptions with a view to adjudge whether the finding by the Court was or was not correct. As to that branch of the case, no appeal lies, and we entertain none. If a question of law has been raised upon them below for decision, and that appears from the record, it is our duty to examine and pronounce upon it." Though this was said in a case which originated in the Court of Common Pleas, we see no reason why it should not be applicable to a case which reached the Baltimore City Court by an appeal from the Appeal Tax Court. When, therefore, the Legislature provided for an appeal from the City Court in the class of cases to which the one before us belongs, it must be understood that it was intended that only such questions should be considered here as could be passed on in the then existing state of the law when any other appeal was taken from the judgment of a Court of law in a case where the facts had been found by a Judge and not by a jury. Hence, it is obvious that we must look beyond the circumstance that the City Court is required to act without the aid of a jury for an indication that this Court was intended by the Legislature to review a mere question of fact; for that circumstance tends to the opposite conclusion; and when we do look beyond that circumstance we find nothing but the requirement that we shall hear and determine the questions involved in the appeal. There is no declaration by the Legislature that a naked question of fact shall be a question involved in the appeal. There is no statement that any other question than such as ordinarily and generally arises on an appeal from a Court of law shall be a question involved in the appeal to this Court. As no question of fact, pure and simple, is ever a question involved in an appeal to this Court from a Court of law, it must be presumed that the Legislature did not design under *sec. 170,* to make a radical departure from existing methods

of procedure, and did not, therefore, intend that the "questions involved in said appeal" should include such a question of fact as this record presents.

In further support of this conclusion reference may be made to a somewhat similar class of cases for which *sec. 179* of the City Charter makes provision. By that section an appeal is allowed to the Baltimore City Court from assessments of damages and benefits caused by the condemnation and opening of any public highway in the city. Upon a trial of such an appeal in that Court the persons appealing are secured the right of a jury trial " to try any question of facts, and if necessary to view any property in the city or adjacent thereto to ascertain and decide on the amount of damages or benefits under the direction of the Court." The Court is given power to "increase or reduce the amount of damages and benefits assessed and (to) alter, modify and correct the" return of proceedings of the commissioners for opening streets ; and the Court "shall cause the proceedings and decisions on said returns and appeals to be entered in the book containing the record of the proceedings of the Commissioners  *   *   *   *   *   which shall be final and conclusive in every respect, unless an appeal be taken to the Court of Appeals." Now, it never has been supposed that this Court, in hearing such an appeal from the Baltimore City Court, could review the findings of fact reached by the jury. The Appellate Court's jurisdiction has always been confined to the consideration of questions of law arising in the Court below and brought here by bill of exception ; and no reason can be suggested for holding that appeals relating to valuations for taxation, taken from the City Court when sitting *without* a jury should open up an inquiry of fact to be decided here, whilst appeals relating to valuations for opening streets and taken from the same Court when sitting *with* a jury, should be limited strictly to questions of law. We not only see no reason for such a difference, but none can be given that is satisfactory, and none in reality exists.

But there is another view of this subject. It could never have been the intention of the Legislature to convert this

Court into a Board of Review for the assessment of property in Baltimore City, because the Legislature had no authority to impose such a duty on this tribunal. If it be true that the appeal provided by *sec. 170* was designed to bring up here for decision by this Court the specific question as to whether the valuation placed upon Mr. Bonaparte's property is accurate and the proper valuation to be placed on it, then the owners of all the property in the city have precisely the same right to require the Court of Appeals to revalue and reassess their property. The effect of the exercise of such a right would be to convert the Court into a Board of Review charged with the duty of fixing the ultimate valuation on property for the purposes of taxation. Can that be done? The valuation of property for the purposes of taxation is not a judicial function at all. Under every general assessment law assessors have been appointed to make valuations, upon view of the property, and ordinarily a Board of Review or some similar agency has been provided to which an appeal could be taken for the correction of errors. When disputes arose as to whether particular property was assessable at all or whether its owner was lawfully chargeable with taxes in respect to it, judicial questions were presented which the Courts had undoubted jurisdiction to hear and determine. But we are not dealing with such a controversy. The function of assessing property for purposes of taxation is essentially not a judicial function, and it cannot be made a judicial function by being imposed upon or committed to the Judicial Department. In the case of *Robey* v. *County Coms. Prince George's Co.*, 92 Md. 150, recently decided by this Court we had occasion to say in speaking of an Act of Assembly which required the Judges of certain Circuit Courts to approve the accounts of constables, sheriffs and other officers against the county, that the duty thus attempted to be imposed was not judicial and did not become judicial by being assigned to a Judge. The thing to be done does not derive its character from the individual who does it. If it be not by reason of its attributes judicial,

it does not become judicial by being performed by a judicial officer.    Hence it is that the nature of the act must be sought in its attributes and qualities apart from the official title of the actor.    The ordinary, usual valuation of property for purposes of taxation is in no sense a judicial act though requiring the exercise of judgment in its performance.    As this Court can only be required to discharge judicial duties it cannot on an appeal involving solely the question of the accuracy of an assessment, be directed by the General Assembly to sit in judgment on such a valuation because such a valuation is not the result of the exercise of any judicial function, and it must be assumed that the Legislature knew this, and knowing this that it did not intend by the language it used to include such a duty in the appeal which *sec. 170* of the charter authorizes.    There doubtless may be cases in the forum of equity where relief would be granted against an unlawful assessment, but we are not considering such a situation—we are dealing only with the power of the Legislature to convert this Court on appeals under *sec. 170* into a final Board of Review and Revaluation to reassess property for purposes of taxation.    We hold that the General Assembly could not lawfully require this Court to exercise this non-judicial function and that therefore it did not intend to impose it.

For the reasons we have assigned the appeal must be dismissed.

*Appeal dismissed with costs.*

(Decided March 8th, 1901.)