JOSEPH KAFKA *vs.* LLOYD WILKINSON, Insurance Commissioner, et al.

*Statute Invalid in Part Because the Subject-Matter is Not Described in the Title.*

The title of the Act of 1902, ch. 338, is : "An Act to repeal secs. 122 and 128 of Art. 23 of the Code of Public General Laws, title 'Corporations,' sub-title 'Insurance,' and to re-enact the same with amendments; and to add an additional section to said Article to be known as sec. 122A; and to repeal sec. 143EI of said Article." The body of the Act after re-enacting secs. 122 and 128, in the next section provided, after the enacting clause, that an additional section be added to said Article to be known as sec. 122A, the same to read as follows, etc. Following this, not preceded by an enacting clause, but simply by "sec. 122B" is a provision to the effect that no order or decree interfering with the business of a domestic insurance company or appointing a receiver thereof shall be made except under proceedings instituted by the State Insurance Commissioner. *Held*, that this last mentioned sec. 122B is void, because in violation of Constitution, Art. 3, sec. 29, which prescribes that every law shall embrace but one subject and that shall be described in its title. This affirmative legislation is not only not described in the title of the Act of 1902, but the title is misleading in that it indicates that only one additional section is to be added to the Article.

Appeal from the Circuit Court of Baltimore City (Sharp, J.)

The cause was argued before McSherry, C. J., Fowler, Briscoe, Page, Boyd, Pearce, Schumcker and Jones, JJ.

*Wm. S. Bansemer*, for the appellant.

*Arthur D. Foster* and *Reuben Carll Foster*, for the appellee submitted the cause on their brief.

Jones, J., delivered the opinion of the Court.

This is an appeal from a decree of the Circuit Court of Baltimore City. The appellants, as plaintiffs below, filed in that

Court, on the eighth of October, 1903, their bill of complaint, making defendants thereto the Monumental Mutual Life Insurance Company of Baltimore City, a corporation existing under the laws of the State of Maryland, the I. O. O. F. Mutual Life Insurance Society of Pennsylvania, a corporation under the laws of Pennsylvania, Murray Vandiver, Treasurer of the State of Maryland, and Lloyd Wilkinson, Insurance Commissioner of the State of Maryland. It will not be necessary here to set out in detail the allegations of the bill. The plaintiffs, after showing their interest in the suit they were inaugurating by reason of having contracts of insurance with the Maryland corporation named as defendant therein, charged that in the month of March, 1903, the attention of the Insurance Commissioner of the State was called to the fact that said corporation was not conducting business in compliance with the laws of the State and "had rendered itself liable to the inquisitorial powers of said commissioner;" that against the strenuous protest of said corporation the commissioner made an investigation as to the financial condition of said corporation with the result of finding a large deficiency in its assets; that about the time of this discovery the corporation, with a view to prevent or evade proceedings to wind it up and enforce a forfeiture of its charter, filed a bill in equity to enjoin the Insurance Commissioner from proceedings against it, to which bill the commissioner demurred, that a hearing in the case, so instituted, has been delayed; and in the meantime the Maryland corporation, defendant, with the object of escaping the effect of a legal investigation of its business methods, has, "without the consent or participation of policy holders," entered into a contract with the Pennsylvania Company, defendant, whereby, among other things that the plaintiffs complained of as affecting their interests, all the funds and assets of the said Maryland corporation will be transferred to the Pennsylvania corporation, defendant, and the same will be thus removed from this State and beyond the jurisdiction of its Courts. These assets consist chiefly, it is alleged, of $100,000 deposited, in the way of securities, with the Treas-

urer of Maryland. It is further alléged that the said Maryland corporation is wholly insolvent; and the prayer of the bill is that it may be enjoined from carrying out the contract referred to herein; and from making any transfer of the funds belonging to the same; and that a receiver be appointed to take charge of the funds and assets to be distributed under the authority of the Court; and that the corporation may be dissolved.

The Insurance Commissioner was made a party to the bill in accordance with the Act of 1902, ch. 338. He demurred to the bill and as the grounds of the demurrer alleged that the said Act provided by sec. 122B that "no order, judgment or decree providing for an accounting or enjoining, restraining, or interfering with the prosecution of the business of any domestic insurance corporation, or appointing a temporary or permanent receiver thereof, shall be made or granted otherwise than upon complaint or other proceedings instituted by thn Insurance Commissioner in accordance with the provisions of sub-section 7th of sec. 122 of this Article, except in an action by judgment creditor, or in proceedings supplementary to execution." The demurrer thus went to the denial of the right of the plaintiffs to bring their bill ; and having been sustained by the Court below they submitted to a decree dismissing their bill from which the present appeal was taken.

The contention of the appellants is that this sec. 122B is not a part of the Act of 1902, ch. 338, but is void under that clause of sec. 29 of Art. 3 of the Constitution, which provides that "every law enacted by the General Assembly shall embrace but one subject, and that shall be described in its title," in that the matter of legislation embraced in this section is not sufficiently described or indicated by the title of the said Act. The title of the Act in question reads as follows : "An Act to repeal secs. 122 and 128 of Art. 23 of the Code of Public General Laws, title "Corporations," sub-title, "Insurance," and to re-enact the same with amendments; and to add an additional section to said Article, to be known as sec. 122A; and to repeal sec. 143EI of said Article.

The body of the Act repeals the secs. 122 and 128 of Art. 23, and re-enacts them both as they are to read in the Code and then following these is the enactment of the new section 122A in these words, "And be it further enacted, That an additional section be added to said Art. 23 of the Code of Public General Laws, title, 'Corporations,' sub-title, 'Insurance,' to be known and designated as sec. 122A, the same to read as follows :" Then follows the section thus enacted as it is to read in the Code. Following this, not preceded by an enacting clause, but simply by the word, figures, and letter, "Section 122B," is the section which has been set out as the ground of the demurrer to the bill of the appellants. And then follows, "And be it further enacted that sec. 143EJ be and the same is hereby repealed."

The provision of the Constitution with which it is here claimed the foregoing legislation, as respects the sec. 122B, is in conflict, has been the subject of consideration in its application to Acts of the Legislature in a number of cases by this Court. It has received a liberal construction; and the Courts have been reluctant in any case to give it an operation that would defeat the legislative intent. Yet they have not hesitated to strike down legislative Acts that were clear infractions of its purpose and object. These have been declared to be two-fold. "The first is to prevent the combination in one Act of several distinct and incongruous subjects ; and the second is, that the Legislature and the people of the State may be fairly advised of the real nature of pending legislation." *State* v. *Norris et al.*, 70 Md. 91–95–96. In agreement with this object it has been held that "though the title need not contain an abstract of the bill, nor give in detail the provisions of the Act, it must not be misleading by apparently limiting the enactment to a much narrower scope than the body of the Act is made to compass." *Luman* v. *Hitchens Bros Co.*, 90 Md. 14–23; and that it ought not to be such as to divert attention from the matter contained in the body of the Act. *State* v. *The Schultz Co.*, 83 Md. 58–62. It would seem that if the object of the constitutional provision in question is to be

respected and it is to have meaning and effect in controlling legislation the considerations which have just been mentioned must have been a controlling effect in applying it.

The title of the statute involved in the case at bar offends against the provision in both particulars. It is misleading and serves to divert attention from what is to follow in the enactment. It is indicated in the title that the purpose of the law is to repeal and re-enact two sections of Article 23 with amendments thereto; to add one additional section to said Article which is numbered and specified; and to repeal absolutely one other section that is designated and specified. In the body of the Act all this is done as indicated; but in addition there is legislation of a most important character embodied in an entirely independent section designated by number, as it is to appear in the Code, of which the title of the Act not only gives no notice whatever, but from which it serves to divert attention by professing to indicate all of the legislation that is to be attempted. If this shall be sanctioned, an easy means will be afforded to escape and avoid the effect of the constitutional provision in question. If one section can be enacted to become a part of an Article of the Code in this way then any number of sections could be added in the same way; and it would only be necessary in effecting changes in the provisions of the Code to indicate by the title of the Act, by which such changes are to be made, that a particular section of the Code is to be repealed and re-enacted; and that being done, in the body of the Act to follow it with any number of sections enacting new legislation of which no suggestion would be afforded by the title. Thus there would be the opportunity for foisting upon any Act of Assembly matter of legislation of which neither the Legislature nor the public would have any notice; and we would be exposed to the very evil which the Constitution, by the provision here in question, sought to prevent.

The case at bar falls within the reason of the decision in the case of *Stiefel et al.* v. *Md. Inst. for the Instruction of the Blind*, 61 Md. 144. In that case the Court had under con-

sideration the Act of 1880, ch. 403, the title of which was "An Act to repeal an Act passed at the January session, eighteen hundred and seventy-two, chapter three hundred and sixty-three, entitled An Act to allow the trustees of the Maryland Institution for the Instruction of the Blind to locate the bed of North street, if extended into Baltimore County, from North avenue to Denmead street." The first section of the Act repealed the Act of 1872, ch. 363 in accordance with its title. A second section then enacted a new law making a different provision for locating North street. The law was assailed as being invalid, as respected the second section, because the matter of that section had not been described in its title as required by sec. 29 of Art. 3 of the Constitution. That contention was upheld by this Court upon the ground that the title of the Act there in question indicated that nothing was to be done except the repeal of the Act of 1872, but that it did something more. It went on "to enact a new law the subject of which the title did not in any way indicate." And it was said "publicity, and a knowledge of the true effect and operation of every bill brought before the Legislature, are the great safe-guards against ill-considered and improper legislation. The provision in question is one, among many others in the Constitution, designed to promote those objects. Bills are sometimes read, especially the first time, by their titles only, and their titles only are spread upon the journal. It is, therefore, important that the title of the bill should never be misleading, and that, at least, a general idea of the purport of the law may be gathered from it."

In the case at bar the title of the Act here in question was equally as misleading as the one drawn in question in the case just referred to, in indicating that nothing was to be done except what was mentioned in the title, and then embracing in the body of the Act matter from which attention had thus been diverted; and as to which there had been not only no notice but in effect a concealment. We feel constrained to pronounce the sec. 122B of the Act of 1902, ch. 338, set up to sustain the demurrer to the plaintiff's bill, void. The Act

otherwise will stand with the same effect as if this section 122B had not been incorporated in it. *Stiefel et al.* v. *Md. Inst. for the Instruction of the Blind,* 61 Md. *supra; Steenken et al.* v. *State,* 88 Md. 708. The view we have taken of the case makes unnecessary the discussion of the other questions which have been suggested and argued. The decree of the Court below sustaining the demurrer by the Insurance Commissioner to the plaintiff's bill and dismissing the bill will be reversed and the cause remanded.

> *Decree reversed with costs to the appellants and cause remanded.*

(Decided March 23rd, 1904 )