The appeal in this case is by the Mayor and City Council of Baltimore and the Appeal Tax Court of that city from an order of the Baltimore City Court, dated March 19th, 1917, dismissing a petition of appeal, from an order of the State Tax Commission of Maryland, dated the 16th day of August, 1916, reversing an assessment made by the Appeal Tax Court of Baltimore City of the physical structures of the Chesapeake and Potomac Telephone Company, in the City of Baltimore. *Page 52 
The form of the order is as follows:
 "Ordered this 16th day of August, 1916, by the State Tax Commission of Maryland, that the assessment of $3,214,289.00 made by the Appeal Tax Court of Baltimore City of the poles and fixtures, aerial cable, aerial wire, underground conduit, underground cable, submarine cable, including appurtenances, of The Chesapeake Potomac Telephone Company of Baltimore City, be and the same is hereby reversed. And it is further ordered that the poles and fixtures, aerial cable, aerial wire, underground conduit, underground cable, submarine cable, including appurtenances, of The Chesapeake Potomac Telephone Company of Baltimore City, situated and located in the City of Baltimore, be and hereby are assessed at the sum of $2,745,358.00
 (Signed) A.P. Gorman, Jr., (Signed) Lewin W. Wickes, Commissioners."
It appears from the petition of appeal of the Chesapeake and Potomac Telephone Company, set out in the record, and which was filed on its appeal, before the State Tax Commission of Maryland, that the Appeal Tax Court of Baltimore City, on the 7th of April, 1916, assessed its physical structures, at the aggregate amount or value of $3,214,289.00, the property consisting of 6,068 poles, 498,509 ft. of aerial cable, 3,023.34 miles of aerial wire, 854,836 ft. of underground conduit and 1,911,371 ft. of underground and submarine cable.
By the second paragraph of the petition, it is alleged, that in compliance with sections 159 and 162 of Article 81 of the Code of Public General Laws of Maryland of 1912, the proper officer of the Telephone Company furnished to the Appeal Tax Court of Baltimore City a true statement of all real property owned and possessed by it situated or located in the City of Baltimore, State of Maryland, and among other items were its poles and fixtures, aerial cable, underground *Page 53 
conduit, underground cable and submarine cable, with their appurtenances.
By the fourth paragraph it is further alleged, that the Telephone Company is advised, and therefore charges, that the assessment made by the Appeal Tax Court of the items of property owned and possessed by the company in the City of Baltimore, is illegal, because more than the actual cash value of the property aforesaid not looking to a forced sale; and because in excess of the value put upon the same items of property when valued according to law by Public Service Commission of Maryland for the purpose of fixing rates to be charged for telephone service; and is erroneous by reason of overvaluation; and is unequal in that the assessment has been made by a higher proportion of valuation then other real property, on the tax roll by the same officers and that the Telephone Company is injured or will be by such illegal, unequal or erroneous assessment and prays the Commission to review the assessment.
On the 8th of May, 1916, a copy of the petition was served upon the Appeal Tax Court and a hearing before the Tax Commission was set for June 22d 1916, at 1:30 P.M.
At the hearing a demurrer was interposed to the petition and the demurrer was overruled, but a demurrer to a part of paragraph 4 of the petition was sustained, that is to so much of the paragraph of the petition of appeal as refers to the illegality of the assessment made by the Appeal Tax Court of Baltimore, because the same is in excess of the value put upon the same items of property when valued according to law by the Public Service Commission of Maryland for the purpose of fixing rates to be charged for telephone service because the same is bad in substance and insufficient in law.
The case was then heard and fully argued on both sides, before the Tax Commission, and on the 16th of August, 1916, the order herein recited was passed, setting aside the assessment which had been made by the Appeal Tax Court and assessed the property at $2,765,358.00. *Page 54 
The case was heard on appeal in the Baltimore City Court on the 16th of March, 1917, without a jury, and the questions submitted for review and determination are stated in the record to be as follows:
1st. The jurisdiction of the State Tax Commission to entertain this appeal.
2nd. The admissibility of evidence for the Telephone Company of the findings of the Public Service Commission in the matter of the Chesapeake and Potomac Telephone Company of Baltimore City —Rate case.
3rd. The admissibility of oral evidence tending to impeach the written statement of valuation furnished said Telephone Company on March 1st, 1916.
4th. The manner and form of said order for action of the State Tax Commission dated the 16th day of August, 1916, reversing the assessment of the Appeal Tax Court and reassessing said property.
5th. The method of computing the deterioration of the property in said appeal involved.
6th. The method of computing the construction of overheads in estimating the value of the property in said appeal involved.
7th. The method of conserving the record of proceedings at the hearing of this appeal and such other questions of law involved in this appeal as may be raised at the hearing hereof.
There can be no difficulty as to the jurisdiction of the State Tax Commission to entertain the appeal from the Appeal Tax Court, raised by the first question. By section 238 of Chapter 841 of the Acts of 1914, creating a State Tax Commission for the State, it is provided that any tax payer — having been assessed by the order of the County Commissioners or Appeal Tax Court of Baltimore City, after a hearing as hereinbefore provided, may appeal to the State Tax Commission — .
And it is further provided, by the same section, that there shall be an appeal to Court on questions of law only from *Page 55 
decisions of the State Tax Commission to the Court in that county where the property is situated and the State Tax Commission is empowered to participate in any proceeding in any Court wherein any assessment or taxation question is involved.
By section 244 of the same Act it is also provided that appeals from any action of the State Tax Commission to Court, shall be taken within thirty days of such action by petition setting forth the question or questions of law which it is desired by the appellant to review. All appeals to Court in Baltimore City shall be to the Baltimore City Court and there shall be a further right of appeal to the Court of Appeals from any decision of the Baltimore City Court or of the Circuit Courts of the several counties.
It will be thus seen that the Circuit Court was limited on the appeal, by the express terms of the statute, to a consideration of the questions of law only presented by the petition, and could not review or pass upon any questions of fact involved in the assessment of the property by the State Tax Commission.
The language of the Act is clear and positive that the State Tax Commission should have the final determination of assessments of all property in all the counties and cities of the State, subject to such review only by the courts as was provided by the statute itself.
There was no error in the ruling of the Court in admitting the evidence embraced in the second question or in rejecting the petitioner's second prayer which presented the same question. This prayer asked the Court to rule that the State Tax Commission committed an error of law, in admitting the proceedings of the Public Service Commission in evidence before the State Tax Commission and therefore the order of the State Tax Commission of August 16th, 1916, should be set aside.
This evidence was admissible as a part of the record of proceedings of the Appeal Tax Court under section 244 of Chapter 841 of the Acts of 1914. But apart from this there *Page 56 
was testimony independent of the findings of the Public Service Commission as to the values of the Telephone Company's property before the Tax Commission, from which the values could have been ascertained.
It cannot, therefore, be held that the findings of the Tax Commission in this case was based exclusively upon the findings of that of the Public Service Commission because it appeared in evidence from the record of proceedings of the Appeal Tax Court, or that they (Tax Commission) adopted the legal principle upon which the Public Service Commission acted for the purpose of fixing the rates as the basis of the valuation of the property for purposes of taxation.
The third and fourth propositions presented for review are without merit. The evidence offered under the third was admissible. The objection to the form and validity of the order presented by the fourth was properly overruled.
The fifth and sixth questions presented by the petition are questions of fact and not of law, and are not open for review by the courts.
Apart from the plain provision of the statute controlling this case, it has been held by this Court that the valuation of property for the purposes of taxation is not a judicial function and the Legislature could not lawfully require this Court to act as a final board of review in the assessment of property. That it was not the design of similar statutes to require this Court to review the findings of fact made by the Court below as to the correctness of the assessment. Baltimore City v. Bonaparte,93 Md. 156.
The seventh question relates to "the method of conserving the record of proceedings on the appeal," and seems to be unimportant. It was not pressed in the argument nor urged in the brief of counsel. The record in this proceedings appears to be regular and in entire compliance with the provisions of the statute.
The contention of the appellant that it was not competent for the Legislature to confer the power upon the State Tax Commission to finally decide questions of fact without an *Page 57 
appeal except upon questions of law can not be sustained. No authority has been cited in support of such a proposition and none we believe can be found. Margraff v. Cunningham,57 Md. 585; Shellfish Commrs. v. Mansfield, 125 Md. 632.
The remaining objections presented for our consideration arise upon the rulings of the Court, upon the admissibility of evidence and upon its refusal to grant the appellants' first prayer, in the course of the trial in the Baltimore City Court.
There was no such error in the rulings of the Court in sustaining the objections and excluding the offer of proof embraced in the first, second and third bills of exceptions, disclosed by the record, that would authorize a reversal in this case.
The questions and offer of proof would have presented questions of fact and not of law and could not have been considered by the Court, and were, therefore, properly excluded.
The appellants' first prayer was also properly rejected. It is as follows: If the Court finds that the State Tax Commission in its order of August 16, 1916, reducing the assessment of the property of the C. P. Telephone Company therein mentioned from $3,214,289.00 to $2,745,358.00, acted upon the assumption that the value fixed by the Public Service Commission for rate making purposes was the same value which should be fixed by the State Tax Commission for the purposes of taxation, and that the State Tax Commission in making said reduction simply took the valuation of the Public Service Commission for the larger amount of said property then the Court rules that the State Tax Commission committed an error of law in making said reduction and that said order of August 16, 1916, of the State Tax Commission should be set aside.
This prayer was clearly erroneous because it required the Court to find a question of fact when it was sitting for the purpose of reviewing questions of law only involved in the assessment of the appellee's property. *Page 58 
The final determination of assessments of all property in the counties, cities and towns of the State, is especially conferred by the statute upon the State Tax Commission itself and the valuation is to be made according to its best judgment from the evidence before it and the courts are without jurisdiction to review its findings upon questions of fact.
In Mayor and City Council of Baltimore v. Bonaparte,93 Md. 156, it is said: "If the valuation of which the city complains in this case had been made in the City Court by a jury instead of by the Judge, sitting without a jury, it can not be pretended that this Court could consider the evidence on which the verdict was founded with a view to overrule or vary the result reached by the jury. If this be so, and it can not be questioned, upon what principle can it be said because the finding was by a Judge and not by a jury that we may examine the evidence adduced below and affirm or reverse or modify the conclusion of fact reached by the Judge?"
After a careful consideration of this case we are of opinion that the Court below committed no reversible error in its order of March 19th, 1917, dismissing the petition on appeal to it from the order of the State Tax Commission dated the 16th of August, 1916, and for the reasons stated its order will be affirmed.
Order affirmed, with costs. *Page 59