## CIRCUIT COURT OF BALTIMORE CITY.

Filed December 13, 1926.

MARY H. SMITH, ET AL.,

VS.

STANDARD OIL COMPANY OF NEW JERSEY, ET AL.

*Roger Williams, George Dobbin Penniman, Clarence Bowie* and *W. Ainsworth Parker* for complainants.

*Rowland K. Adams* for defendant.

522

FRANK, J.—

The present proceeding grows out of a motion filed by the Standard Oil Company to dissolve an injunction restraining it from proceeding with the erection of a gasoline filling station at the southeast corner of Cathedral and Eager streets, in Baltimore City. The injunction was issued by this Court in obedience to the mandate of the Court of Appeals in the case of Smith vs. Standard Oil Company, the opinion in which is reported in 149 Md., beginning on page 61. In that case the Court of Appeals held Ordinance No. 611½ of the Mayor and City Council, approved June 22, 1921, invalid. As a consequence all permits issued pursuant to its provisions, including the permit to the Standard Oil Company for the erection of the filling station above referred to, were declared to be invalid.

The permit granted to the Standard Oil Company, under Ordinance No. 611½, had authorized the Standard Oil Company to construct and maintain a gasoline storage station with four iron or steel tanks with a maximum storage capacity of 1,000 gallons each, and with an aggregate storage capacity of not exceeding 4,000 gallons.

Subsequently the Mayor and City Council passed Ordinance No. 534, approved December 24, 1925, whereby provision was made for the storage of gasoline and other inflammable and explosive materials, and, by this ordinance, a tank capacity not exceeding 1,070 gallons for each tank was authorized with an aggregate storage capacity at any one station or location of not exceeding 6,500 gallons.

By the terms of paragraph 2 of the General Provisions embodied in Section 1 of this ordinance, the following was prescribed with respect to permits theretofore issued:

"All permits heretofore issued under Ordinance No. 611½, approved June 22, 1921, or under any other ordinance or law, are hereby validated and any person, firm or corporation to whom such permit has heretofore been issued shall have the right to operate under said permit, unless or until such permit is revoked by the Board of Estimates."

Section 5 of the ordinance reads as follows:

"And be it further ordained, That no permit shall be granted under the provisions of this ordinance to install or erect any facilities for the storage of gasoline, benzine, or any other inflammable liquids on the lot at the southeast corner of Cathedral and Eager streets."

A question arises as to the sufficiency of the title of Ordinance No. 534, under Section 221 of the Charter of Baltimore City. This title describes the ordinance as one to repeal and reordain with amendments certain sections of the Baltimore City Code, as authorizing an increase in the amount of gasoline, etc., to be stored at any filling station, etc.; as authorizing an increase in the size and number of storage tanks for such liquids; as providing generally regulations authorizing the storage and handling thereof; as authorizing the inspector of buildings to issue or refuse permits for the installation or erection of any facilities for such storage with the approval of the Board of Estimates; as providing for the validation of such permits heretofore issued. It then goes on to provide for *exempting* dry cleaning establishments, paint and varnish factories, petroleum products, refineries, places of bulk storage for wholesale distribution and other establishments using such liquids in wholesale quantities for manufacturing purposes; provides penalties for the violation of the ordinance, and then provides for *exempting* "the lot at the southeast corner of Cathedral and Eager streets from the provision of this ordinance." Finally it states the purpose to repeal certain other ordinances to the end that there may be no conflict with the ordinance itself.

Paragraph 4 of the General Provisions in Section 1 of Ordinance No. 534 provides that none of the provisions of this ordinance shall be construed to apply to the various classes of businesses enumerated in the title as being exempt. Consequently, such businesses and occupations may be conducted without the necessity of obtaining the permit provided for in, and without fulfilling the requirements of the ordinance. The effect of this exemption is, therefore, to permit these businesses to be carried on without complying with any of the provisions of the ordinance. The word "exempt" as here used in the title is employed in its proper and usual sense of "free from obligation"; "immune from some requisition to which others are sub-

ject"; "free from, not subject to service or burdens to which others are made liable"; "excepted or excused from some burdensome condition or obligation or operation of some laws to which others are subject." (24 C. J. 1224 "EXEMPT.") The title in this respect, therefore, adequately describes the corresponding provisions of the ordinance.

The title then goes on to state that the lot involved herein is exempt from the provisions of this ordinance. The special provision in the body of the ordinance relating to this lot, Section 5, above recited, does not relieve this lot from any obligation or burden, as the language of the title would indicate, but, on the contrary, imposes a serious burden or disqualification upon the lot in that this lot alone, of all property in Baltimore City, is subject to the provision that "no permit shall be granted under the provisions of this ordinance to install or erect any facilities for the storage of gasoline, benzine or any other inflammable liquids" thereon. The very opposite, therefore, of the description in the title is to be found in the provisions of Section 5. Instead of the lot being exempted from the obligations and burdens imposed by the ordinance, as is the case with the classes of business enumerated in Section 4 of the General Provisions, it is actually excluded from the benefits and opportunities which the ordinance affords to all other properties in Baltimore City. This is a clear mis-description of the purposes of the ordinance.

Reading the title, one would reasonably expect the body of the ordinance to *exempt* the lot in this case from the burdens of its operation either expressly or by necessary implication. Instead, the effect of Section 5 is to exclude the lot from the power to obtain the grant of permits in accordance with its provisions. Obviously there is no notice of a prohibition of a right from the announcement of an exemption from burdens.

The title to this extent is misleading for the reasons above indicated and necessitates the striking down of Section 5 of the ordinance. Smith vs. Standard Oil Co., 149 Md. 61, 68 and fol. The rest of the ordinance can stand without impairing its purpose as fully as if this Section 5 had not been incorporated in it.

Kafka vs. Wilkinson, 99 Md. 238, 244, and cases there cited.

This conclusion validates the permit issued to the Standard Oil Company under ordinance No. 611½, unless or until such permit is revoked by the Board of Estimates. General Provision 2 of Ordinance 534, *supra.*

It becomes unnecessary to determine the other questions argued at the hearing. The injunction will be dissolved.