THE MAYOR AND CITY COUNCIL OF BALTIMORE *vs.*
CATHARINE REITZ.

*Constitutionality of the Act of* 1878, *ch.* 143, *relating to Public Parks or Squares in Baltimore City—Construction of sec. 29 of Art. 3 of the Constitution of* 1867—*Power of the Legislature to Pass a Mandatory Act.*

The Act of 1878, ch. 143, is entitled: "An Act to repeal the Act passed at the January Session of the General Assembly of Maryland, eighteen hundred and seventy-six, chapter twenty, entitled, 'An Act to empower the Mayor and City Council of Baltimore, to purchase, lease or condemn lands for public parks or squares within the limits of said city;' and to revive and amend sec. 837 of the Public Local Laws, Art. IV, City of Baltimore; and to make valid proceedings had for the condemnation of ground for a public square." HELD:

That this Act is in accordance with the requirements of sec. 29 of Art. 3 of the Constitution, which provides, "that every law enacted by the General Assembly shall embrace but one subject, and that shall be described in the title."

If the several sections of an Act refer to and are germane to the same subject-matter which is described in its title, it is considered as embracing but a single subject, and as satisfying the requirement of the Constitution in this respect. While the title must indicate the subject of the Act, it need not give an abstract of its contents, nor need it mention the means and method by which the general purpose is to be accomplished. If foreign or irrelevant or discordant matter is introduced, it will be rejected, if other sections of the Act can stand without it. But if the Act is composed of a number of discordant and dissimilar subjects, so that no one could be clearly recognized as the controlling or principal one, the whole Act would be void.

The Legislature has power to pass a mandatory Act of the character of that of 1878, ch. 143.

APPEAL from the Superior Court of Baltimore City.

By an ordinance approved the 25th of October, 1875, the Mayor and City Council of Baltimore authorized and

directed the Commissioners for Opening Streets to condemn certain vacant ground in the city of Baltimore, known as Federal Hill, for the purpose of a public square or park.

In passing this ordinance, the Mayor and City Council of Baltimore acted under the authority conferred upon it by section 873, Article 4, of the Code of Public Local Laws; and the Commissioners for Opening Streets conducted the entire proceedings of condemnation in accordance with the provisions of this section of the Code, and the ordinances of the city passed in pursuance thereof.

The first steps taken by the Commissioners for Opening Streets, to carry out the ordinance, were taken in September, 1876. On the 18th February, 1876, an Act of the General Assembly of Maryland had been passed, (chapter 20,) which repealed so much of section 837, Article 4, of the Code of Public Local Laws, as related to the condemnation of land for public squares or parks in the City of Baltimore.

By this Act of Assembly, the power to appoint commissioners, and otherwise provide by ordinance for the valuation of property in such cases, was taken away from the Mayor and City Council; and the municipal corporation was authorized to proceed by application to a justice of the peace for a warrant requiring the Sheriff of Baltimore city to summon a jury to assess the damages; and the inquisition of such jury, when found in the manner prescribed by the Act, was to be returned to the Superior Court of Baltimore City for confirmation.

The Mayor and City Council were advised that the proceedings of the Commissioners for Opening Streets, in the matter of the condemnation of Federal Hill for a public square, were void, because of the repeal of the section of the Code under which they had been held, by the Act of 1876, chapter 20; and that no valid title to the land in question could be acquired thereunder. The city authorities, therefore, refused to take possession of any of the,

land under the award of the Commissioners; nor did they take any steps to condemn under the provisions of the Act of 1876, chapter 20.

In March, 1878, the General Assembly passed the Act of 1878, ch. 143. Based upon the mandatory provisions of the fourth section of this Act of 1878, Catharine Reitz, the owner of a lot of ground, part of Federal Hill, filed her petition for the writ of *mandamus* in the Superior Court of Baltimore City. To this petition the Mayor and City Council demurred, and from the order overruling this demurrer and directing the writ of *mandamus* to issue, this appeal was taken.

The cause was argued before BARTOL, C. J., BRENT, MILLER, ALVEY and ROBINSON, J.

*James L. McLane,* for the appellant.

The Act of 1878, chapter 143, is in conflict with section 29, of Article 3, of the Constitution of the State; and is, therefore, void.

Even if the Act, as a whole, cannot be pronounced void, its fourth section must "be rejected as void," upon the authority of the ruling of this Court in *Davis vs. State,* 7 *Md.,* 160.

The effect of section 4 of the Act of 1878 is simply to *compel* the municipal authorities to condemn and acquire a particular tract of land for park purposes. And it is attempted to do this under cover of a law whose title gives no indication of such purpose, and which law expressly secures to the city the exercise of full discretion in the condemnation of all squares and parks, other than the one here sought to be put upon it. *Graff vs. Mayor and City Council of Baltimore,* 10 *Md.,* 544; *Norris vs. Same,* 44 *Md.,* 598.

*George May Williams* and *Isidor Rayner*, for the appellee.

A line of authorities, from the case of *Davis vs. The State*, in 7 *Md.*, to the case of the *County Commissioners of Dorchester County vs. Meekins, p.* 28 *ante*, settle what is the proper construction to be placed upon the 29th sec. of Art. 3 of the Constitution.

The subject-matter of the Act in question is *streets and parks* in the City of Baltimore, and there is nothing in any portion of the Act which does not relate directly to that subject. The Act merely repeals chapter 20 of the Act of 1876, which related to streets or parks; it revives and re-enacts section 837 of the Public Local Laws of the City of Baltimore, which also relates to streets or parks, and nothing else—and in reviving that section revives certain proceedings which had been commenced thereunder, and directs the Mayor and City Council to conduct the proceedings to final completion—specifically requiring them to conclude the proceedings in relation to Federal Hill, which had been condemned as a *"public park."* Is there anything in this embracing discordant or dissimilar matter? Has not the Legislature a right, when it revives and re-enacts an Act of Assembly, at the same time to revive proceedings which had been commenced under that Act? Did the framers of the Constitution mean to say that when the General Assembly repealed a statute and revived an old one, they could not incorporate into the same statute a saving clause, providing that proceedings commenced under the old Act should also be rendered valid? The appellant contends, that although the Act of 1876, ch. 20, was the only obstacle which prevented the city from paying over the money for Federal Hill Park, that the Legislature had no right when it repealed that Act and revived sec. 837 of the Public Local Laws, to make valid proceedings which had been commenced under sec. 837, and which would have been concluded but for

the intervention of the Act of 1876; and that these *three things necessarily connected the one with the other and necessarily and legally dependent the one upon the other,* should have been enacted by three separate Acts of Assembly. This is forcing upon this provision of the Constitution a *reductio ad absurdum* that would obliterate from the statute book almost every important Act of Assembly that ever was passed. The Legislature could not compel the Mayor and City Council to proceed with condemnation of Federal Hill Park without repealing the Act of 1876. By repealing the Act of 1876, they necessarily revived sec. 837 of the Public Local Laws ; and because the Legislature, *in its discretion,* thought it safer to revive by express terms an Act which would have been otherwise revived by implication, we are told that they have violated the constitutional provision, which says that every Act must embrace but one subject.

The Act of 1878, ch. 143, viewed in the light of the following Maryland authorities, complies with all the provisions of the Constitution ; there is not a single point made by the appellant, that is an open question under our decisions ; the whole controversy in this case is *res adjudicata.*

To declare an Act of this magnitude unconstitutional upon trivial objections to its phraseology, would re-open for litigation a settled construction which for a period of nearly thirty years has been given to these provisions of the Constitution. *Davis vs. State,* 7 *Md.,* 151; *Keller vs. The State,* 11 *Md.,* 531; *Parkinson vs. The State,* 14 *Md.,* 184; *Hardesty vs. Taft,* 23 *Md.,* 512; *McPherson vs. Leonard,* 29 *Md.,* 377 ; *The Mayor, &c. of Annapolis vs. The State,* 30 *Md.,* 112; *Co. Com. of Washington Co. vs. Franklin R. R. Co.,* 34 *Md.,* 159 ; *McGrath vs. The State,* 46 *Md.,* 631 ; *Pumphrey vs. Mayor, &c. of Balto.,* 47 *Md.,* 148 ; *Co. Comm'rs of Dorchester Co. vs. Meekins, p.* 28 *ante ; Second German American B. A. vs. Newman, p.* 62 *ante ; Co. Comm'rs of Talbot Co. vs. Co. Comm'rs of Queen Anne's Co., p.* 245 *ante.*

BRENT., J, delivered the opinion of the Court.

The question presented by this appeal is the constitutionality of the Act of 1878, ch. 143. The appellant contends that it violates sec. 29, Article 3 of the Constitution, which directs that "every law enacted by the General Assembly shall embrace but one subject and that shall be described in its title."

This Court has so repeatedly considered the proper construction to be given to this provision, its object, and the evils against which it is intended to guard, that it is only necessary to state here some of the general principles recognized by all the cases. If several sections of the law refer to and are *germane* to the same subject-matter, which is described in its title, it is considered as embracing but a single subject, and as satisfying the requirements of the Constitution in this respect. While the title must indicate the subject of the Act, it need not give an abstract of its contents, nor need it mention the means and method by which the general purpose is to be accomplished. If foreign and irrelevant, or discordant matter is introduced it will be rejected, if other sections of the law can stand without it. But if the Act is composed of a number of discordant and dissimilar subjects, so that no one could be clearly recognized as the controlling or principal one, the whole law would be void.

Is the Act in question obnoxious to any of these rules of construction? Its title is "an Act to repeal the Act passed at the January session of the General Assembly of Maryland eighteen hundred and seventy-six, chapter twenty, entitled ' An Act to empower the Mayor and City Council of Baltimore to purchase, lease or condemn lands for public parks or squares within the limits of said city;' and to revive and amend section eight hundred and thirty-seven of the Public Local Laws, Article four, City of Baltimore; and to make valid proceedings had for the condemnation of ground for a public square."

The Act contains four sections. The first repeals the Act of 1876, chapter 20. The second revives and amends sec. 837 of the Public Local Laws, Article 4, City of Baltimore, conferring power upon the Mayor and City Council to lay out, &c. any street, square, &c., within the bounds of the city, which in their opinion the public welfare or convenience may require, and directing their mode of proceeding. The third makes valid all proceedings for the condemnation of land for a public square or park, under any ordinance of the Mayor and City Council of Baltimore, authorized by the law in force before the passage of the Act of 1876, ch. 20, and especially the proceedings for the condemnation of the ground lying between Johnson, Hughes, Covington and Warren Streets known as Federal Hill, for the purpose of a public square or park. And the fourth *directs* the Mayor and City Council to proceed and acquire any land or ground for a public square or park where " proceedings were had or begun before the passage of this present Act, and especially proceedings had and begun under the ordinance mentioned in the preceding section, and to conduct all such proceedings to final completion." Certainly these several sections are not irrelevant to the subject-matter indicated in the title, nor do we understand the very able counsel, who appeared for the city, as objecting to either one of them upon this ground. They refer to the powers, rights and duties of the corporation in the matter of condemnation of land for streets, public squares, &c. The third and fourth sections, which are particularly involved in this controversy, make valid and conclusive certain proceedings which had been taken to acquire land for a public square or park, and are not only embraced by the general object of the law as indicated by the title, but are specially referred to where it is said, " and to make valid proceedings had for the condemnation of ground for a public square."

That the Legislature in an Act, conferring powers upon a municipal corporation, may constitutionally make valid

previous defective proceedings, is settled in the case of *Mayor, &c. of Annapolis vs. State of Maryland,* 30 *Md.,* 112. There the corporation had, without authority of law, closed up an alley. An Act was subsequently passed by the Legislature entitled "an Act to amend and alter the charter of the City of Annapolis." In it there was contained a provision making valid the defective proceeding just referred to. This was held to be a constitutional exercise of power on the part of the Legislature, and the provision itself not foreign to the subject-matter declared by the title of the law.

But it is insisted on the part of the city, that the fourth section, being *mandatory,* is inconsistent with sec. 837, as revived and amended by sec. 2, which confers generally upon the Mayor and City Council a *discretion* in the matter of acquiring land for a public square or park, and that it "is in fact a separate and distinct ' subject ' of legislation improperly sought to be incorporated into a law intended for other and public purposes."

The power of the Legislature, to pass a mandatory law of this character, cannot be doubted, since the decision of *Pumphrey vs. The Mayor and C. C. of Baltimore,* 47 *Md.,* 146. In that case an Act of the Legislature, directing and requiring the Mayor and City Council to acquire and maintain as a public highway a bridge, known as "Harman's bridge," was held to be constitutional and valid. The reason and doctrine of this case will equally apply to the acquisition of a public square or park.

The objections, that this section is discordant and dissimilar to the section revived and re-enacted by sec. 2, cannot be maintained, so far as to affect its constitutionality as a part of the same law. Had it been enacted as a separate law, its validity could not be denied. If the two sections are not so discordant, that they would be effective and valid as separate laws, why can they not be embraced in the same Act—especially as they both refer

to the same general subject of *public squares or parks?* Special exemptions, *under a proviso*, from the general provisions of a law are found in almost every volume of statutes, and are daily acted upon and recognized by the Courts.

This section may introduce a new policy in the law in regard to the *discretion* of the Mayor and City Council over the acquisition of land for squares or parks, but it does not, in the sense of the construction given to sec. 29, of Article 3 of the Constitution, introduce a new subject, different from the general object of the Act as indicated by its title.

We have failed to discover any constitutional objections to this law. The Legislature has the undoubted power to pass the several enactments of which it is composed. The subject-matter of the Act, declared in its title, is *streets and parks* in the City of Baltimore, and there is nothing in any of its sections which does not relate directly to that subject.

There is no controversy about the facts in the case. Upon them, as stated in the petition of the appellee, her right to the *mandamus* asked for cannot be doubted. The order of the Court, overruling the demurrer to the petition, and directing the writ of *mandamus* to issue as prayed, will therefore be affirmed.

> *Order overruling demurrer and directing mandamus to issue affirmed, and case remanded that mandamus may issue.*