THE COUNTY COMMISSIONERS OF WORCESTER
COUNTY *vs.* THE BOARD OF COUNTY SCHOOL
COMMISSIONERS OF WORCESTER
COUNTY.

*Constitutional Law—Title of Statute—Mandamus Requiring
County Commissioners to Levy Tax Imposed by Law
to Pay Salaries of Public School Teachers.*

When the general subject-matter of a statute is described in its
    title, but there is an additional description in the title which
    is applicable to only a part of the subject-matter, the statute
    is not in conflict with Constitution, Art. 3, sec. 29, which
    prescribes that every law enacted by the General Assembly
    shall embrace but one subject and that shall be described in
    its title.

The title of the Act of 1908, Chap. 635, is "An Act to repeal
    and re-enact with amendments, Section 67 of Article 77 of
    Code of Public General Laws of Maryland of 1904, title,
    Public Education, and to add six new sections thereto to
    come under section 122 of said Article and to be numbered,
    respectively, Section 122 A, etc., designed to provide a com-
    mercial course in certain approved high schools." Most of
    the sections of the Act relate to the course of instruction

and the qualification of teachers in certain schools, and one section directs that increased salaries shall be paid to teachers according to designated periods of service. *Held,* that this latter section is not foreign or repugnant to the subject of public education mentioned in the title, and that the title of the Act does not violate the provisions of Constitution, Art. 3, sec. 29.

A writ of mandamus is the proper remedy to compel municipal or county authorities to levy a tax imposed by law.

The Act of 1908, Chap. 635, designates the exact sums that should be paid to certain public school teachers and directs the County Commissioners of the several counties to levy a sufficient amount to meet the increase of salaries provided for in that Act. *Held,* that the County Commissioners may be required by mandamus to perform the duty thus imposed, since the ascertainment of the precise sum to be raised in any year does not depend upon the exercise of their judgment or discretion.

*Held,* further, that the Board of County School Commissioners, to which the proceeds of school taxes are payable, is the proper party to require the County Commissioners to levy the tax under this Act. •

The fact that Code, Art. 5, sec. 84, provides that parties to proceedings before County Commissioners may appeal from their action to the Circuit Court does not operate to prevent a party from applying for a mandamus directing the County Commissioners to levy a tax imposed by law for the benefit of such party.

When some of the allegations of fact contained in a petition for a mandamus are denied by the answer, the writ should not be issued until the material facts are established by evidence.

*Decided June 22nd, 1910.*

Appeal from the Circuit Court for Worcester County.

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, BURKE, THOMAS and URNER, JJ.

*John W. Staton,* for the appellant.

*George M. Upshur* (with whom was *Franklin Upshur* on the brief), for the appellee.

URNER, J., delivered the opinion of the Court.

Upon the appeal now before us it becomes the duty of this Court to construe and apply for the fifty-eighth time the clause of Section 29, Article 3 of the State Constitution which provides that "every law enacted by the General Assembly shall embrace but one subject and that shall be described in its title." In the present instance this provision is invoked with a view to having declared invalid Section 112½E of the Code of Public General Laws enacted by Chapter 635 of the Acts of 1908. The Act in question is entitled "An Act to repeal and re-enact with amendments Section 67 of Article 77 of the Code of Public General Laws of Maryland of 1904, title 'Public Education,' and to add six new sections thereto to come after Section 122 of said article and to be numbered respectively Section 122A, 122B. 122C, 122D, 122E and 122½E, designed to provide a commercial course in certain approved high schools.".

By Section 67, as repealed and re-enacted, an appropriation is made for the purchase of text books. Sections 122A. 122B, 122C and 122D provide for a commercial course of instruction. The succeeding Section, 122E, permits graduates of colleges to teach in the public schools without examination. Section 122½E, the one now in controversy, provides increased salaries for public school teachers according to certain prescribed periods of service.

It is insisted that the title of the Act, so far as the section just quoted is concerned, is misleading in that it describes the section with others as being "designed to provide a commercial course in certain approved high schools," whereas there is nothing in this particular section relating to that subject.

The contention is, therefore, made that because of this misdescription in the concluding clause of the title the subject of the section in question cannot be held to have been described in the title and hence must be declared invalid.

Upon this ground the County Commissioners of Worcester County refused to make the necessary levies in 1908 and 1909, at the request of the School Commissioners of that county, to provide for the increases of salary under the Act, and are resisting the present proceeding for mandamus to compel the levying of the requisite taxes for that purpose.

In considering the question thus raised as to the title under which this important and salutary legislation was enacted it must be conceded that the situation is not at all free from difficulty; but a careful examination of the reasons and principles upon which the constitutional provision here invoked is founded, and which govern its construction and application, as discussed in the numerous decisions of this Court on the subject, leads us to the conclusion that the objection is not necessarily fatal.

The object of this requirement of our Constitution, as explained in *Davis* v. *State,* 7 Md. 160, where the subject was first considered, is to prevent the practice "of engrafting upon subjects of great public benefit and importance, for local or selfish purposes, foreign and often pernicious matters."

In *Phinney* v. *Sheppard, etc., Hospital,* 88 Md. 636, it was said: "The primary object of the provision undoubtedly is to exclude all foreign, irrelevant or discordant matter from a statute and to confine the statute to the single subject disclosed in the title."

It has been in the light of this distinct purpose of the constitutional requirement as to titles of statutes that all the cases on the subject which have come before this Court have been decided. As was said by CHIEF JUDGE McSHERRY, in *Baltimore City* v. *Flack,* 104 Md. 117: "When the cases in which it has been held that legislation was invalid, because

in conflict with Section 29 of Article 3 of the Constitution, are examined, it will be found, either that something wholly repugnant to the title, or something altogether foreign to the subject described in the title, had been attempted to be incorporated in the body of the Act, in flagrant disregard of the principle announced in *Davis* v. *State, supra."*

In the present case the subject of the legislation proposed by the Act is the amendment of Article 77 of the Code dealing with the promotion of public education. Every section of the Act is strictly and equally pertinent to that subject and is described in the title by its reference to the designated article of the Code. It is perfectly clear that if the last clause of the title had been omitted, there could be no question whatever as to the validity of the disputed section, as it has been repeatedly held that a title is adequate which describes the Act by reference to the article of the Code in which it is to be incorporated. *State* v. *Norris,* 70 Md. 94; *Lankford* v. *Somerset County,* 73 Md. 118; *Himmel* v. *Eichengreen,* 107 Md. 610; *Barron* v. *Smith,* 108 Md. 317; *Anne Arundel County* v. *United Rys. Co.,* 109 Md. 377; *Kingan Packing Assoc.* v. *Lloyd,* 110 Md. 619; *Garrison* v. *Hill,* 81 Md. 551; *German Building Assoc.* v. *Newman,* 50 Md. 62.

If the title in question, therefore, could be held defective, it would have to be on the ground that after having sufficiently described the one subject of the statute, to which all its parts are germane, it concludes with an additional description, which correctly applies to only a portion of the Act. In other words, to sustain the objection to this legislation, we should have to hold that an Act of Assembly which complies with the Constitution by embracing but one subject and describing that subject in its title must be stricken down because some of the descriptive terms tend to restrict the indicated purpose of the statute to a narrower phase of the same subject matter. It does not seem to us that this constitutes such a "flagrant disregard" of the prin-

ciples applied by this Court in its frequent decisions upon
the question of the sufficiency of titles as to justify us in
holding the enactment now before us unconstitutional. Such
a conclusion would be warranted only in a case where the
violation of the organic law was clear and conclusive. The
conflict with the Constitution must be so plain as "to leave
no discretion to the Court in the premises." *County Com-
missioners* v. *Meekins,* 50 Md. 28. "Many Acts," said
Chief Judge Alvey, "are passed, and often of great im-
portance, the titles of which are exceedingly deficient in
definite and clear description of the subject matter of the
Act. But this Court has ever been reluctant to defeat the
will of the Legislature by declaring such legislation void, if
by any construction it could possibly be maintained." *State*
v. *Norris, supra.*

In the situation with which we are now confronted there
is no incorporation in the body of the Act of matter which
can be said to be "foreign" or "repugnant" to the single
subject of public education mentioned in the title. While
individual sections of the statute deal with different features
of the educational system of the State, they nevertheless are
embraced in the one subject to which the title refers. It is
well settled that: "If several sections of the law refer to
and are *germane* to the same subject matter, which is de-
scribed in its title, it is considered as embracing but a single
subject and as satisfying the requirements of the Constitu-
tion in this respect." *Baltimore* v. *Reitz,* 50 Md. 574;
*Drennen* v. *Banks,* 80 Md. 316.

"It never has been understood," said Chief Judge Mc-
Sherry, in *Baltimore City* v. *Stewart,* 92 Md. 548, "that
the title of a statute should disclose the details embodied in
the Act. It is intended simply to indicate the subject to
which the statute relates."

In *Mealey* v. *Hagerstown,* 92 Md. 744, Judge Boyd ob-
served that as a rule the titles which have been held defective
"were misleading and calculated to lead the Legislature and

others to believe that one kind of legislation was proposed, while another was attempted to be enacted which was not *germane* to the subject mentioned in the title." There can be found in the Act now under consideration no provision to which this criticism can be justly applied, as all relate directly to the educational system embodied in the article of the Code which the title indicates.

When we refer to the cases in which Section 29 of Article 3 of the Constitution has been held to have been violated we find conditions quite different from those here presented.

In all such instances the titles were obviously inadequate and misleading in failing to indicate subjects to which enactments in the statutes could be held to be pertinent. The first case in which a statutory title was found to be defective under our Constitution was that of *Stiefel* v. *Maryland Institution,* 61 Md. 144, where "affirmative legislation was attempted under a title which disclosed absolutely nothing except the repeal of a former Act;" and the last case in which such a conclusion was reached was *Nutwell* v. *Anne Arundel County,* 110 Md. 667, where the title proposed that all owners of vehicles in the county should be required to take out licenses, while the Act itself exempted a large class of vehicles and provided that those licensed should be exempt from all other taxation. Every other case in this category presented a title whose inaccuracy was of the most pronounced character. *Scharf* v. *Tasker,* 73 Md. 378; *Whitman* v. *State,* 80 Md. 410; *State* v. *Schultz Co.,* 83 Md. 58; *State* v. *Benzinger,* 83 Md. 481; *Luman* v. *Hitchens,* 90 Md. 14; *Steenken* v. *State,* 88 Md. 708; *Kafka* v. *Wilkinson,* 99 Md. 238; *State* v. *German Savings Bank,* 103 Md. 196; *State* v. *Cumb. & Pa. R. Co.,* 105 Md. 478; *Christmas* v. *Warfield,* 105 Md. 530; *Somerset County* v. *Pocomoke Bridge Co.,* 109 Md. 1.

There is not a single one of these cases of invalid legislation in which the title passed upon resembled the one we are now considering and they were all decided upon grounds

which, in our judgment, do not apply to the present situation.

We accordingly hold that the statute before us is free from the constitutional objection which has been urged against its validity.

It is suggested, however, that even though Section 122½ B be upheld as being sufficiently described in the title, yet the duty imposed by the Act upon the County Commissioners is not merely ministerial but involves the exercise of discretion, and is, therefore, not enforceable by mandamus. This duty is prescribed in the following terms: "And the County Commissioners of the several counties shall levy a sufficient amount to meet the increase of salaries provided for in this Act." The amounts which the School Commissioners are obligated to pay to the teachers answering to the classification of the statute are specifically designated. When the conditions contemplated by the Act are shown to exist for the payment of increased salaries to teachers who have served for the periods and in the grades of service prescribed, there is no discretion reposed in any one as to the amount or payment of the compensation fixed by the Legislature. The ascertainment of the precise sum to be raised in any year is purely a matter of calculation and does not depend upon the exercise of judgment. "It is a precise act, accurately marked out, enjoined upon particular officers for a particular purpose" (*Bassett v. Atwater*, 65 Conn. 363), or as otherwise stated: "It is a simple, definite duty arising under circumstances admitted or proved to exist and imposed by law." *Gaines v. Thompson*, 7 Wall. 353. There can be no doubt as to mandamus being the appropriate remedy to compel municipal or county authorities to levy a tax imposed by law. *Poe's Practice*, sec. 710, and cases there cited.

The Board of County School Commissioners, who are charged with the control of all educational matters affecting their county (Code, Art. 77, secs. 3 and 24) and to whom the proceeds of school taxes are payable (*Ib.*, Art. 77, sec

25) are the proper parties to demand the performance by the County Commissioners of their duty under the law in this connection.

The further point has been raised that there was an adequate remedy available by appeal from the action of the County Commissioners in levying an amount insufficient to meet the increase of salaries. This is clearly untenable. It was held in *Miles* v. *Stevenson,* 80 Md. 358, where mandamus was sought by a supervisor of roads to compel his restoration to office by a board of County Commissioners, that the provisions of the Code, authorizing an appeal to the Circuit Court by any person aggrieved by an order or decision of the County Commissioners, did not disentitle the petitioner to the writ, since these provisions did not embrace an appeal from the action of the County Commissioners in removing a road supervisor. While the Court disclaimed any intention to intimate an opinion as to what orders or decisions of the County Commissioners were appealable under the section referred to, the reasoning upon which the decision was predicated would appear to justify the conclusion that no appeal could have been maintained in a case like the present. It is to be observed, moreover, that since the decision in *Miles* v. *Stevenson* the section of Article 5 of the Code relating to appeals from County Commissioners has been amended so as to limit the right of appeal to parties to "proceedings" before the Commissioners or taxpayers who are not parties. *Act* 1900, Ch. 494; *Code,* Art. 5, sec. 84. It could not well be said that the levying of taxes by the County Commissioners was a proceeding to which the School Commissioners were parties so as to entitle them to an appeal from the order for the levy.

This case was heard below upon a demurrer to the petitioner's replication to the defendant's answer. The demurrer was overruled and the writ was thereupon ordered to be issued. All the allegations of fact in the petition as to the number of teachers entitled to the increased salaries and the

amounts necessary to be levied were denied by the second paragraph of the answer and issue was joined thereon in the replication. The writ could not properly be granted while these controverted questions of fact remained undetermined. This condition of the pleadings is similar to that which existed in *Upshur* v. *Baltimore City*, 94 Md. 759, and it was there held that the writ could not be issued until the material and disputed facts had been duly proven. It will, therefore, be necessary, while we approve the action of the Court below in overruling the demurrer, to reverse its order in so far as it directed the issuance of the writ of mandamus and to remand the case for trial upon the questions of fact as to which issue has been joined.

The averments contained in the replication to which the defendant's demurrer was directed were by way of reply to the allegations of the answer to the effect that Section 122½ͳ. of the Act of 1908 was unconstitutional, that the County Commissioners had provided by their regular levies for amounts sufficient to pay the salaries in question even including the increases provided by the Act of 1908, and further that the teachers who were alleged to be entitled to the salaries had not taken the oath of office and signed the contracts required of teachers under the by-laws of the State Board of Education. These allegations were met by the averment in the replication that Section 122½ᴇ was valid and constitutional, that the amounts produced by the levies mentioned in the answer were not designed exclusively for teachers' salaries but also for the general expenses of the schools, and were totally insufficient for these purposes; and that the teachers named in the petition actually performed and were continuing to perform the services alleged, under employment by the petitioners, and were not required to take the oath mentioned in the answer as a condition to receiving the increases of salary provided by the statute. The questions as to the sufficiency of the levy and the qualification of the teachers were not argued at the hearing in this Court, but as

the case will be remanded it is proper to state that we see nothing in this connection to affect our approval of the action of the Court below in overruling the demurrer.

> *Order reversed and case remanded for further proceedings, with costs to the appellants.*